UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

NORMA N. TELLO
and other similarly situated individuals,

    Plaintiff(s)

CREST HOTEL GROUP LLC,
d/b/a/ CREST HOTEL SUITES,

    Defendant,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff NORMA N. TELLO, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant CREST HOTEL GROUP LLC, d/b/a CREST HOTEL SUITES and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff NORMA N. TELLO is a resident of Miami-Dade County, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant CREST HOTEL GROUP LLC, d/b/a CREST HOTEL SUITES (hereinafter CREST HOTEL SUITES, or Defendant) is a Florida corporation. Defendant has a place of business in Miami-Dade County, Florida. At all times material hereto, Defendant was engaged in interstate commerce. The Defendant is the employer of Plaintiff and others

    similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this complaint took place in Miami-Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff NORMA N. TELLO as a collective action to recover from the Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked over forty (40) hours during one or more weeks on or after June 2017, (the "material time") without being properly compensated.

6. Defendant CREST HOTEL SUITES is a boutique hotel located in the heart of South Beach, in Miami, Florida. Defendant provides hospitality services mostly to tourists. CREST HOTEL SUITES hotel is located at 1670 James Avenue, Miami Beach FL 33139, where Plaintiff worked.

7. Defendant CREST HOTEL SUITES employed Plaintiff NORMA N. TELLO from approximately September 1, 2016, to March 23, 2020, date in which the CREST HOTEL SUITES hotel closed due to the COVID-19 quarantine, and Plaintiff was laid-off.

8. Plaintiff had been employed by the Defendant for 3 years and 6 months. However, for FLSA purposes, Plaintiff's relevant period of employment is 142 weeks.

9. Plaintiff was hired as a non-exempted, full-time, hourly employee. Plaintiff had duties as a housekeeper and her last wage-rate was $11.00 an hour. Plaintiff's overtime rate should be $16.50 an hour.

10. During her time of employment with Defendant, Plaintiff, and other similarly situated individuals maintained a regular schedule. Plaintiff worked 5 days per week, from 8:30 AM to 5:30 PM (9 hours daily), or a total weekly average of 45 hours.

11. While employed by the Defendant, Defendant deducted from the Plaintiff's total number of hours worked, 30 minutes of lunchtime daily, or 2.5 hours in a week. Nevertheless, Plaintiff was not allowed to take any bonafide lunchtime. Plaintiff always ate while working. These 2.5 hours deductions constitute unpaid overtime hours.

12. Besides, the Plaintiff was paid for only 40 regular hours or less. Defendant never compensated the Plaintiff for 2.5 overtime hours weekly.

13. Plaintiff worked 45 hours every week, but she was not paid overtime wages as required by the FLSA.

14. Plaintiff clocked in and out, and the Defendant was able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

15. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff was paid bi-weekly with checks and paystubs that did not show the real number of hours worked.

17. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate based on a workweek of 5 days with 5 unpaid overtime hours.

18. Plaintiff NORMA N. TELLO seeks to recover 5 overtime hours, at the rate of time and a half her regular rate, for the relevant period of employment, liquidated damages, and any other relief as allowable by law. Also, Plaintiff seeks to recover 9 hours corresponding to her last day of work.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular and/or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

20. Plaintiff NORMA N. TELLO re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff NORMA N. TELLO as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked over forty (40) hours during one or more weeks on or after June 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant CREST HOTEL SUITES was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides

lodging services to tourists and through its business activity, affects interstate commerce. The Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated worked as housekeepers, and through their daily activities, Plaintiffs not only regularly, handled, or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate commerce at any time in business, but Plaintiff's activities were directed to the maintenance of the facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

24. Defendant CREST HOTEL SUITES employed Plaintiff NORMA N. TELLO from approximately September 1, 2016, to March 23, 2020, date in which the CREST HOTEL SUITES hotel closed due to the COVID-19 quarantine, and Plaintiff was laid-off.

25. Plaintiff had been employed by the Defendant for 3 years and 6 months. However, for FLSA purposes, Plaintiff's relevant period of employment is 142 weeks.

26. Plaintiff was hired as a non-exempted, full-time, hourly employee. Plaintiff had duties as a housekeeper and her last wage-rate was $11.00 an hour. Plaintiff's overtime rate should be $16.50 an hour.

27. During her time of employment with Defendant, Plaintiff, and other similarly situated individuals maintained a regular schedule. Plaintiff worked 5 days per week, an average of 45 hours weekly.

28. However, Defendant deducted from the Plaintiff's total number of hours worked, 30 minutes of lunchtime daily, or 2.5 hours in a week. But the Plaintiff was not allowed to take any bonafide lunchtime. Plaintiff always ate while working. These 2.5 deducted hours constitute unpaid overtime hours.

29. In addition, Plaintiff was paid for 40 regular hours or less. Defendant never compensated the Plaintiff for 2.5 overtime hours.

30. Plaintiff worked 45 hours every week, but she was not paid overtime wages as required by the FLSA.

31. Plaintiff clocked in and out, and the Defendant was able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

32. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. Plaintiff was paid bi-weekly with paystubs that did not show the real number of hours worked.

34. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

35. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

37. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    * Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate. After proper discovery, Plaintiff will adjust her statement of claim properly.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Eleven Thousand Seven Hundred Fifteen Dollars and 00/100 ($11,715.00)

    b. <u>Calculation of such wages</u>:

       Total period of employment: 3 years + 6 months.
       Relevant weeks of employment:  142 weeks
       Total hours worked:  45 hours weekly average
       Total unpaid overtime hours: 5 overtime hours
       Regular rate: $11.00 x 1.5= $16.50 O/T rate
       O/T rate: $16.50 an hour

       O/T rate $16.50 x 5 hours=$82.50 weekly x 142 weeks=$11,715.00

       <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents unpaid off-the-clock overtime wages.

38. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked over the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

39. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

40. Defendant CREST HOTEL SUITES willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

41. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NORMA N. TELLO and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff NORMA N. TELLO and other similarly situated individuals and against the Defendant CREST HOTEL SUITES, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff NORMA N. TELLO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff NORMA N. TELLO demands trial by a jury of all issues triable as of right by a jury.

Dated:  June 30, 2020

        Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*