# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-22702-CIV-ALTONAGA/GOODMAN

NORMA N. TELLO,

    Plaintiff,

v.

CREST HOTEL GROUP LLC,
d/b/a/ CREST HOTEL SUITES,

    Defendant,
_____/

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made by and between NORMA N. TELLO (hereinafter, "Plaintiff"), on the one hand, and CREST HOTEL GROUP, LLC, d/b/a CREST HOTEL SUITES (hereinafter, "Defendant"), on the other.

WHEREAS, Plaintiff through the above-referenced case alleged unpaid overtime wages was due to her pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (the "FLSA");

WHEREAS, Defendant denies any violations of the FLSA, maintains that it has at all times complied with all applicable laws, rules and regulations in compensating Plaintiff thus it is not liable for the claims asserted and has good defenses to Plaintiff's claims, but nevertheless have decided to enter into this Agreement in order to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation and to obtain the releases, orders and judgment contemplated by this Agreement, and to put to rest with finality all claims that Plaintiff has or could have asserted against the Releasees, as defined below; and

WHEREAS, Plaintiff and Defendant wish to effect between themselves amicably and expeditiously a full, complete and final settlement and release of any and all claims and other differences that do, could or may hereafter exist between them, or could have been brought on their behalf, including without limitation, any and all claims and causes of action relating to Plaintiff's employment with the Defendant including the controversy between them as it relates to the FLSA;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that Plaintiff's FLSA claims in the above-entitled matter are hereby resolved as follows:

1. **RECITALS**.  The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **ACKNOWLEDGMENTS**. Plaintiff acknowledges that the settlement reached herein is a fair and reasonable settlement of her FLSA claims against Defendant and that she is receiving full compensation and relief for her claims in this action.

3. **RELEASE OF FLSA CLAIMS**.

    a.     This Agreement is a waiver and release of all claims Plaintiff has or might have under the FLSA against Defendant.

    b.     Plaintiff hereby knowingly and voluntarily releases Defendant, its parents, predecessors, successors, sister companies, affiliates; and its past and present directors, officers, owners, managers, supervisors, shareholders, members, employees, agents, insurers, insurance adjusters, and attorneys, both individually and in their professional capacities (collectively

Doc ID: db8d7e9a44f5f26591670782b22d1ab25efb5216

"Releasees"); of and from any and all claims arising under the FLSA against any of the Releasees which Plaintiff has or might have had as of the date of execution of this Agreement.

4.  **CONSIDERATION**.

    a.  In consideration of the matters set forth herein, Defendant shall pay to Plaintiff and her attorney the total gross sum of U.S. Ten-Thousand Dollars and No Cents ($10,000.00) (hereinafter the "Settlement Sum"). The full Settlement Sum of $10,000.00 shall be allocated as follows:

    - $5,000.00 made payable to Plaintiff, NORMA N. TELLO, as full relief and compensation of any alleged unpaid overtime wages, liquidated damages, and any other damages allegedly due to Plaintiff pursuant to the FLSA. From this amount, $2,500.00 shall be allocated as "wages", and $2,500.00 shall be allocated as "liquidated damages"; and

    - $4,500.00 in fees, plus $500.00 in costs, made payable to Zandro E. Palma, PA, as payment for attorney's fees and costs incurred in connection with Plaintiff's claims under the FLSA.

    b.  The full settlement amount $10,000.00, which resolves all of Plaintiff's claims, including payment for attorney's fees and costs, shall be paid via lump sum due or on or before August 21st, 2020. All funds shall remain in Trust until the Court has entered an Order approving the parties' settlement and dismissing the case with prejudice. If paid by check, the check shall be made payable to "Zandro E. Palma, P.A. IOLTA", and delivered to Plaintiff's counsel's office, 9100 South Dadeland Blvd., Suite 1500, Miami, FL 33156, by the above specified deadline. Payment can also be made via wire transfer payment to Plaintiff's counsel's Trust Account.

    c.  **Default/Default Remedies.** In the event Defendant fails to make payment when due, and upon expiration of a three (3) business-day cure period after notice of default to Defendant's attorney, Plaintiff and her attorney may immediately proceed with taking a Final Judgment against Defendant, for $15,000.00, plus any attorney's fees and costs incurred in

entering Final Judgment. Said notice of default shall be sent via e-mail to Defendant's counsel, Jose Pena, Esq. at jp@dcodedlaw.com.

Furthermore, Defendant waives any defenses it may have to such a claim excepting the defense of timely payment within the cure period. In the event of default, Plaintiff may proceed immediately against Defendant, with obtaining a judgment for the default amount plus interest accrued from August 21st, 2020.

d. Plaintiff understands and acknowledges that she would not receive the payments specified in this paragraph except for her execution of this Agreement, including the Release of FLSA Claims contained herein, and her fulfillment of the promises contained herein.

e. Defendant makes no representation as to the taxability of the amounts paid to Plaintiff. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or her attorney under the terms of this Agreement.

5. **MUTUAL NON-DISPARAGEMENT**. Plaintiff agrees not to criticize or make any negative or disparaging remarks about Defendant, its business or business practices, its owners, its agents, or its current and former employees. Similarly, Defendant agrees not to make any disparaging or negative remarks concerning Plaintiff.

6. **AFFIRMATION**. Plaintiff affirms that, upon payment of the amounts set forth herein, she will have been paid and/or will have received all overtime compensation and liquidated damages related to overtime compensation, and attorney's fees and costs in connection with her claims for overtime compensation against Defendant.

7. **NO ADMISSION BY DEFENDANT**. Defendant maintains that it has complied with applicable federal and state law at all times. By entering into this Agreement, Defendant does not admit any liability or wrongdoing and expressly denies the same; it is expressly understood and agreed that this Agreement is being entered into by Defendant solely for the purpose of avoiding the costs and disruption of ongoing litigation and to settle all outstanding claims. Nothing in this Agreement, settlement proposals exchanged by the Parties or any motions filed or Orders entered pursuant to the Agreement, is to be construed or deemed as an admission by Defendant or Releasees of any liability, culpability, negligence, or wrongdoing. This Agreement represents the compromise of disputed and contingent claims.

8. **NO RE-HIRE**. Plaintiff hereby agrees and recognizes: (a) that Plaintiff's employment with Defendant has ended and Plaintiff will not apply for or otherwise seek employment with Defendant or its divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors; and (b) that Defendant has no obligation to employ, hire, reinstate or otherwise engage Plaintiff in the future. Plaintiff further agrees and recognizes that if Plaintiff applies and/or is hired by Defendant or its affiliated entities in the future, this Agreement is sufficient and appropriate legal grounds for denying employment and/or terminating Plaintiff's employment regardless of whether the entity is specifically mentioned herein. The Parties further agree that any future acts by Defendant in denying Plaintiff employment, shall not be construed as retaliation pursuant to 29 U.S.C. 215(a)(3).

9. **OPPORTUNITY TO REVIEW**. Plaintiff acknowledges she is aware she is giving up all FLSA claims she may have against the Releasees. Plaintiff acknowledges she has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that she has consulted with her

counsel of record, Zandro E. Palma, P.A., prior to executing this Agreement. Plaintiff signs this Agreement voluntarily.

10. **SEVERABILITY**. Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiff's FLSA claims.

11. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.

12. **ENTIRE AGREEMENT AS TO FLSA CLAIMS.** This Agreement sets forth the entire agreement between Plaintiff and Defendant as to settlement of the FLSA claims. Plaintiff acknowledges she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Agreement, except those set forth in this Agreement.

13. **LITIGATION OF DISPUTES/ATTORNEY'S FEES**. The Parties specifically agree that the Court retains the right to award attorney's fees in an action seeking the enforcement of this agreement. In any dispute, arbitration or litigation arising out of this Agreement, and/or its execution, the prevailing party in such litigation shall be entitled to recover reasonable attorney's fees and costs. These fees and costs shall be recoverable at both the trial and appellate levels. Any rights of injunctive relief shall be in addition to and not in derogation or limitation of any other legal rights available.

14. **AMENDMENTS**.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

15. **NEUTRAL REFERENCES**.  Defendant agrees to only provide neutral references in the event it shall be contacted by a prospective employer of Plaintiff.  Said references shall be limited to providing only dates of employment, position held and pay rate.

16. **CONFIDENTIALITY**.  Despite the fact that his agreement could be made part of the Court record, and to the extent allowed by law, the Parties warrant that they will not disclose the terms, including financial terms of this Agreement, to anyone other than their respective counsel, spouse, accountants, any court of competent jurisdiction related to the enforcement of this Agreement, in compliance to any order compelling production of this Agreement, and the Internal Revenue Service.  The Parties agree to have no further communication in any way relating to this Agreement with any person, except those who may be informed as set forth in this paragraph.  This Confidentiality provision shall not apply to the extent necessary to enforce the Agreement in a court of law, or to the extent that any party is compelled by law to make disclosure.  In the event that either party violates this confidentiality provision, the damaged party will seek enforcement of this Agreement and, if true, the breaching party shall pay to the other party any damages incurred, plus the prevailing parties attorney's fees and costs.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS.  THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT.  THE PARTIES FULLY UNDERSTAND THE FINAL**

**AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.**

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

Dated: August 19, 2020				NORMA N. TELLO, Plaintiff

						*/s/ Norma/*
						_____


Dated: August 19, 2020				CREST HOTEL GROUP, LLC.,
						d/b/a "CREST HOTEL SUITES", Defendant


						By:	_____



Audit Trail

| | |
|---|---|
| **TITLE** | Settlement Agreement |
| **FILE NAME** | TELLO NORMA - Set...eement 081920.pdf |
| **DOCUMENT ID** | db8d7e9a44f5f26591670782b22d1ab25efb5216 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**  
**08 / 19 / 2020**  
15:52:43 UTC-5  
Sent for signature to Norma Tello (normanohemitc@hotmail.com) from jfp@thepalmalawgroup.com  
IP: 73.0.216.26

**VIEWED**  
**08 / 19 / 2020**  
22:09:02 UTC-5  
Viewed by Norma Tello (normanohemitc@hotmail.com)  
IP: 172.58.11.55

**SIGNED**  
**08 / 19 / 2020**  
22:12:49 UTC-5  
Signed by Norma Tello (normanohemitc@hotmail.com)  
IP: 172.58.11.55

**COMPLETED**  
**08 / 19 / 2020**  
22:12:49 UTC-5  
The document has been completed.

Powered by HELLOSIGN

**AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.**

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

Dated:  August 19, 2020                              NORMA N. TELLO, Plaintiff

_____

Dated:  August 19, 2020                              CREST HOTEL GROUP, LLC.,
                                                     d/b/a "CREST HOTEL SUITES", Defendant

By:  _____
                                                     Gustavo M Tenenbaum